**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 08-0964-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jesus Fernando Gasca, | ) | |
| Defendant. | ) | |

Appellant Jesus Fernando Gasca pled guilty to possessing an identification card with intent to defraud the United States in violation of 18 U.S.C. § 1028(a)(4). Magistrate Judge Jay Irwin sentenced Appellant to 10 months in prison and no period of supervised release.

Appellant appeals Judge Irwin's sentence pursuant to Rule 58(g) of the Federal Rules of Criminal Procedure. Appellant contends that Judge Irwin failed to state the reasons for his sentence as required by 18 U.S.C. § 3553(c), and failed to avoid unwarranted sentencing disparities as required by 18 U.S.C. § 3553(a)(6). Appellant filed an opening memorandum and the government filed a response. Dkt. ## 4, 7. Appellant has not filed a reply, and the time for doing so has expired.

**A.    Judge Irwin's Statement of Reasons.**

Judge Irwin was required to state the reasons for his sentence in open court, but a full and detailed opinion was not necessary. *Rita v. United States*, 127 S.Ct 2456, 2468 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* Judge Irwin's statement satisfies this requirement.

1       Judge Irwin listened to defense counsel's arguments regarding the sentencing 2 discretion afforded by *United States v. Booker*, 543 U.S. 220 (2005). Defense counsel noted 3 that the sentencing guidelines were entitled to no presumption of reasonableness, and 4 reminded the judge of the need for an individualized assessment of the Appellant's sentence. 5 Judge Irwin stated that he had no quarrel with these legal principles. He acknowledged that 6 he had discretion to give Appellant a sentence below the guideline range.

7       Judge Irwin also listened to defense counsel argue a number of facts in support of a 8 time-served sentence of 61 days. After hearing this argument, Judge Irwin addressed the 9 specific facts that persuaded him to impose a 10-month sentence. These included 10 Appellant's previous drug and theft felonies in the United States and his numerous prior 11 removals from this Country. The judge observed that Appellant had a history of ignoring the 12 immigration laws of the United States and of getting in trouble when he is here. Judge Irwin 13 also acknowledged the sentencing guideline range of 10 to 16 months, and noted that a 10- 14 month sentence was at the bottom of that range.

15       Judge Irwin's explanation provides this Court with a sufficient understanding of the 16 factors he considered. Although he did not mention them by number, the judge clearly was 17 conscious of factors in the sentencing statute, including the nature and circumstances of the 18 offense, the history and characteristics of the Appellant, the need to promote respect for law, 19 the need to afford adequate deterrence to criminal conduct, the need to protect the public 20 from further crimes of the Appellant, and the sentencing guideline range. *See* 18 U.S.C. 21 § 3553(a). Judge Irwin's rejection of Appellant's request for a time-served sentence and his 22 imposition of a 10-month sentence were reasonable in light Appellant's prior felony history 23 and his repeated disregard of the immigration laws.

24       **B.**     **Sentencing Disparities.**

25       Appellant compares his sentence to those received by several other defendants, but 26 even Appellant notes that three of these defendants had no prior criminal history or 27 deportations, and the other two were convicted of different crimes. Appellant's argument

seems to focus more on the fact that Judge Irwin ordered a pre-sentence report for Appellant and not for the others, but the disparity addressed by the statute is disparity of sentences, not pre-sentence reports. *See* 18 U.S.C. § 3553(a)(6). Moreover, by ordering a pre-sentence report Judge Irwin simply ensured that he would have full and complete information at Appellant's sentencing.

**C.     Conclusion.**

The Court finds no reversible error in Judge Irwin's sentence of Appellant. Judge Irwin's judgment and sentence are therefore **affirmed**.

DATED this 15th day of December, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge